UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

RANDI PAYTON,

    Plaintiff,

v.

KAREN PAYTON,

    Defendant.

Civil Action No. TDC-15-1322

## MEMORANDUM OPINION

On May 1, 2015, Plaintiff Randi Payton ("Plaintiff"), proceeding *pro se*, filed a Motion for an Emergency Injunction against his ex-wife Defendant Karen Payton ("Defendant"). ECF No. 1. The Motion was docketed as a Complaint because there is currently no pending civil action between the parties in this Court, and Plaintiff did not include a Complaint with his filing.[1] For the reasons stated below, the Motion for Emergency Injunction is DENIED, and the case shall be DISMISSED.

## BACKGROUND

Plaintiff, the President and Chief Executive Officer of Decisive Media, Inc. ("Decisive Media") in Hyattsville, Maryland, requests that the Court enjoin a state family court judge's decision which Plaintiff alleges will "result in more than four million dollars ($4,000,000) in debt." Mot. Inj. at 1. A review of the state court docket for the parties' divorce proceeding indicates that on March 11, 2015, the Prince George's County Circuit Court issued an order

---

[1] In addition, Plaintiff neither paid the filing fee nor filed a Motion to Proceed *In Forma Pauperis*. The filing was also unsigned. However, because the self-represented Motion for an Emergency Injunction must be dismissed for the reasons stated in this Memorandum Opinion, Plaintiff will not be required to correct the noted deficiencies.

requiring Plaintiff to pay Defendant the sum of $75,058 and ordering that payment of all funds due to Decisive Media be made to the Clerk of the Court, so that they can be divided equally between the parties. *See Payton v. Payton*, CAD13-03099 (Prince George's County Cir. Ct. filed Jan. 29, 2013). Plaintiff bases his request for an injunction on allegations that the court's order in the parties' state divorce proceeding was premised on Defendant's "fraudulent claim of half-owner[ship] of the Plaintiff's 20-year-old business, Decisive Media," and that enforcement of the ruling will cause irreparable financial harm to Decisive Media.[2] *Id.*

## DISCUSSION

As a preliminary matter, Plaintiff has not established the Court has subject matter jurisdiction over this case. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). The plaintiff bears the burden to show that jurisdiction exists. *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988).

In this case, Plaintiff has not alleged a federal cause of action. Under 28 U.S.C. § 1331, federal courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In the Memorandum of Law attached to his Motion, Plaintiff describes his claim as a common law claim for "tortious interference with business relationship." Mem. Mot. Inj. at 2, ECF No. 1-1. Plaintiff gives no indication of a possible federal claim, other than to state that Defendant is "violating of U.S. Trade rights by

---

[2] To the extent Plaintiff is asserting a cause of action on behalf of Decisive Media, he may not do so without counsel. Artificial entities, such as corporations and limited liability companies, cannot proceed *pro se* in federal courts. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel . . . [and] that rule applies equally to all artificial entities.").

setting up and operating a fraudulent company." Mot. Inj. at 2 ¶ 6. This vague reference, which does not identify any federal statute allegedly violated, does not constitute an assertion of a cause of action arising under federal law sufficient to establish a federal question under 28 U.S.C. §1331.

Moreover, Plaintiff has failed to allege properly that diversity of citizenship exists between the parties, such that the Court would have diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff alleges that Defendant resides in Upper Marlboro, Maryland and that Decisive Media is headquartered in Hyattsville, Maryland, but does not allege his own citizenship. Therefore, Plaintiff has failed to plead allegations sufficient to establish subject matter jurisdiction.

The Court need not inquire further into the citizenship of the parties because, even if diversity jurisdiction were established, Plaintiff's Motion for an Emergency Injunction is improper, and the Court cannot grant relief. In his Motion, Plaintiff essentially seeks an appeal of what he believes was an erroneous state court judgment. This Court, however, may not provide appellate review of state court rulings by way of newly instituted proceedings seeking to relitigate matters already decided by the state court. Under the *Rooker-Feldman* doctrine,[3] "a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Am. Reliable Ins. v. Stillwell*, 336 F. 3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). In other words, the doctrine bars claims where, "in order to grant the federal plaintiff the relief sought, the federal court must determine that the [state] court judgment was erroneously entered

---

[3] The *Rooker-Feldman* doctrine is jurisdictional and, as such, this Court is free to raise it *sua sponte*, meaning that it need not wait for a party to raise the issue. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 195 (4th Cir. 2002).

or must take action that would render the judgment ineffectual." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997) (citation and internal quotation marks omitted).

In this case, Plaintiff requests that this Court essentially reverse the Prince George's County Circuit Court judgment and relieve Plaintiff of the obligation to comply with the state court's order. Thus, Plaintiff's action is impermissible under the *Rooker-Feldman* doctrine, and the Motion for Emergency Injunction is denied. To the extent that Plaintiff is dissatisfied with the state court's decision, his remedy is to seek review in the state appeals court.

Moreover, although the Prince George's County Circuit Court docket does not make it clear which party filed the motion, it appears that a motion for injunctive relief from the judgment was filed in state court on May 1, 2015, the same date on which Plaintiff filed the instant Motion for an Emergency Injunction in this Court. *See Payton v. Payton*, CAD13-03099 (Prince George's County Cir. Ct. filed Jan. 29, 2013). The state court docket indicates that the state court has not yet ruled on the motion. Thus, to the extent that state proceedings are ongoing, this Court may not interfere. Under principles of comity and federalism, unless extraordinary circumstances exist, a federal court should not interfere with ongoing state proceedings, even if a federal question has been presented. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971) (holding that federal courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding). This principle particularly applies when there are ongoing state family law proceedings. *Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 352, 354 (4th Cir. 2005) (explaining that *Younger* abstention applies to family law cases because they involve a "traditional area of state concern") (citation omitted).

Here, as discussed above, Plaintiff has not actually raised a federal question in this case, but even if he had, it would not justify this Court's interference with ongoing state proceedings in a family law matter. The Court therefore denies the Motion and dismisses this case.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Motion for Emergency Injunction is DENIED, and the case is DISMISSED. A separate Order follows.

Date: May 20, 2015

THEODORE D. CHUANG
United States District Judge